UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------X
THE NEW ENGLAND CENTER FOR      )
CHILDREN, INC.,                 )
    Plaintiff,                  )    Civil Action No.
                                )
v.                              )
                                )    COMPLAINT AND DEMAND
COMPREHENSIVE EDUCATIONAL       )    <u>FOR JURY TRIAL</u>
SERVICES, INC.,                 )
    Defendant.                  )
                                )
---------------------------------------------------------X

The plaintiff, The New England Center for Children, Inc. ("NECC"), for its complaint against the defendant, Comprehensive Educational Services, Inc. ("defendant"), states that:

### NATURE OF THE ACTION

1.    In this action the plaintiff, The New England Center for Children, Inc., seeks to recover damages and to obtain preliminary and permanent injunctions for the defendant's trademark and service mark infringement under the Lanham Act and at common law; for the defendant's infringement of the plaintiff's federally registered trademark and service mark; for the defendant's false designation of origin under the Lanham Act, 15 U.S.C. § 1125; for dilution by the defendant under 15 U.S.C. §1125(c); for dilution by the defendant under Mass. Gen. Laws ch. 110B, §12; for the defendant's unfair competition; and for the defendant's unfair and deceptive acts or practices under M.G.L. ch. 93A, §1, *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331, 1367(a), and 1338, the Lanham Act, Title 15 of the United States Code, and principles of supplemental and ancillary jurisdiction.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## THE PARTIES

4.  The plaintiff, The New England Center for Children, Inc. ("NECC"), is a Massachusetts corporation with a place of business at 33 Turnpike Road, Southborough, Massachusetts 01772.

5.  The defendant, Comprehensive Educational Services, Inc. ("Comprehensive" or "defendant"), is a Calfornia corporation with a place of business at 3731 6th Ave., Suite 100, San Diego, California 92103.

## FACTUAL BACKGROUND

### The Plaintiff's Rights

6.  NECC is in the business of educating and treating children with autism and developing training programs in the field of education, specifically training programs for educators and care providers to provide strategies, techniques, and skills for educating and caring for children and adults with autism. NECC provides these products and services, for example, to educators of children and adults with autism.

7.  At least as early as April 27, 2006, NECC began to use the mark "ACE" in commerce in the United States in conjunction with its training programs for educators and care providers to provide strategies, techniques and skills for educating and caring for autistic children, and NECC has used the ACE mark continuously in connection with certain of its products and services from April 2006 to the present.

8.  On May 11, 2004, NECC applied to register the mark ACE. Registration of ACE issued on August 22, 2006 for interactive computer software program which contains assessment, curriculum and individualized education program (IEP) components for the education of children with autism and other developmental disorders, in Class 9; and training

programs for educators and care providers to provide strategies, techniques and skills for the education of children with autism and other developmental disorders; providing an interactive computer database which contains assessment, curriculum and individualized education program (IEP) components for the education of children with autism and other developmental disorders, in Class 41, with Registration No. 3,133,892, and the registration is incontestable. A true and accurate copy of the registration is attached hereto and made a part hereof as Exhibit "A."

9. As a result of use and registration, NECC has rights in the trademark and service mark ACE.

10. Through NECC's extensive use of the ACE mark, ACE has become distinctively connected with NECC and its educational programs.

11. As a result of the goodwill and expanding reputation of NECC's ACE mark, educators and businesses involved in training programs for educators have come to recognize the ACE mark as indicating the high quality products and programs of NECC.

12. Mr. L. Vincent ("Vinnie") Strully founded NECC in 1975 and serves as its Chief Executive Officer. He has over 40 years of experience working with children and adults with autism and related disorders.

13. Since its founding, NECC has participated in nearly 2,000 trade shows, conventions, and conferences, including as an exhibitor and as a presenter.

### The Defendant's Actions

14. The defendant Comprehensive provides services and products to individuals who are diagnosed with Autism.

15. Attached hereto and made a part hereof as Exhibit "B" is a true and accurate copy of a page from the defendant's website showing its use of ACES in connection with the defendant's products and services directed to individuals diagnosed with Autism.

16. The defendant's use of ACES in connection with Autism services and products first came to NECC's attention as a result of an email received by Mr. L. Vincent ("Vinnie") Strully on or about May 3, 2016, from Association for Behavior Analysis International ("ABAI") concerning its 42nd Annual Convention to be held in Chicago May 27 to May 31, 2016, a true and accurate print of which is attached hereto and made a part hereof as Exhibit "C". NECC first presented and participated in the ABAI Annual Convention in 1984, and has presented and participated every year thereafter, for 32 years.

17. Upon receiving the 2016 material from ABAI, Mr. Strully was struck by the appearance of the defendant's ACES mark and logo right next to the ACE trademark and logo belonging to NECC, appearing on page 3 of the reproduction of the email in Exhibit C below "Thank you to our Premier Exhibit Sponsors!" A snip of the two logos shows:



18. This was the first NECC knew of the use of ACES by the defendant, which had not been a sponsor at this or other conventions, trade shows, or conferences with NECC before Mr. Strully received the email from ABAI.

19. The defendant's use of ACES, including as a mark for its services and products, infringes the rights of NECC and is likely to cause confusion, to cause mistake, or to deceive as

to the origin, sponsorship, and affiliation with or approval by NECC of the services of the defendant.

20. By letter dated May 19, 2016, counsel for NECC gave notice to the defendant of NECC's rights, the defendant's infringement and dilution of those rights, and NECC's concern that the defendant's use of ACES would create a likelihood of confusion, mistake, or deception in the marketplace, and that it could lead customers to the mistaken conclusion that there is some connection or relationship between NECC and the defendant.

21. Despite further communication, the defendant has neglected or refused to cease its infringing and confusing actions.

## COUNT I

(Infringement of Common Law Trademarks)

22. NECC repeats and realleges paragraphs 1 through 21 of this complaint as if they were fully set forth.

23. The defendant has infringed and is infringing NECC's common law rights in ACE by defendant's use of ACES.

24. The defendant's continued use of ACES in violation of NECC's rights is willful.

25. NECC has been and is being damaged by the defendant's infringement of its common law rights.

26. NECC has suffered and will continue to suffer irreparable injury due to the above described activities of the defendant if the defendant is not preliminarily and permanently enjoined.

## COUNT II

(Infringement of NECC's Federally Registered Mark)

27. NECC repeats and realleges paragraphs 1 through 26 of this complaint as if they were fully set forth.

28. The defendant has infringed and is infringing the federally registered trademark and service mark ACE, owned by NECC, with Registration No. 3,133,892.

29. The defendant's continued use of ACES in violation of NECC's rights is willful.

30. NECC has been and is being damaged by the defendant's infringement of its federally registered mark.

31. NECC has suffered and will continue to suffer irreparable injury due to the above described activities of the defendant if the defendant is not preliminarily and permanently enjoined.

## COUNT III

(False Designation of Origin Under the Lanham Act)

32. NECC repeats and realleges paragraphs 1 through 31 of this complaint as if they were fully set forth.

33. The defendant's actions were and are in violation of 15 U.S.C. §1125(a) (Lanham Act § 43(a)), which imposes liability for the use in commerce of any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of a person with another person or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person.

34. The defendant's continued use of the mark ACES in violation of NECC's rights is willful.

35. NECC has been and is being damaged as a result of the defendant's violation of 15 U.S.C. § 1125(a).

36. NECC has suffered and will continue to suffer irreparable injury due to the above described activities of the defendant if the defendant is not preliminarily and permanently enjoined.

## COUNT IV

(Dilution under 15 U.S.C. §1125(c))

37. NECC repeats and realleges paragraphs 1 through 36 of this complaint as if they were fully set forth.

38. NECC's trademark and service mark ACE has become famous, as that term is used and defined in 15 U.S.C. §1125(c).

39. The defendant's commercial use of the mark ACES has caused and will continue to cause dilution of the distinctive quality of NECC's mark in violation of 15 U.S.C. §1125(c).

40. The defendant's continued use of ACES in violation of NECC's rights is willful.

41. NECC has been damaged by the defendant's dilution of the distinctive quality of NECC's famous mark.

42. NECC has suffered and will continue to suffer irreparable injury due to the above described activities of the defendant if the defendant is not preliminarily and permanently enjoined.

## COUNT V

(Dilution under Mass. Gen. Laws ch. 110B, §12)

43. NECC repeats and realleges paragraphs 1 through 42 of this complaint as if they were fully set forth.

44. The defendant's use of ACES in commerce is causing a likelihood of injury to NECC's business reputation and of dilution of the distinct quality of its ACE trademark.

45. By reason of the foregoing, NECC is entitled to relief under Mass. Gen. Laws ch. 110B, §12.

## COUNT VI

(Unfair Competition Massachusetts Common Law)

46. NECC repeats and realleges paragraphs 1 through 45 of this complaint as if they were fully set forth.

47. The defendant's website page attached hereto as Exhibit "B" constitutes misleading advertising in promotion of the defendant's business because it is likely to confuse and deceive members of the purchasing public. By virtue of the defendant's conduct, the defendant has engaged in unfair competition in violation of common law of the Commonwealth of Massachusetts.

48. The defendant's continued use of the mark ACES in violation of NECC's rights is willful.

49. NECC has been and is being damaged as a result of the defendant's unfair competition in violation of common law of the Commonwealth of Massachusetts.

50. As a result of the defendant's conduct, the defendant has caused, and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to the public and to NECC.

51. NECC has no adequate remedy at law.

## COUNT VII

(Massachusetts General Laws ch. 93A)

52. NECC repeats and realleges paragraphs 1 through 51 of this complaint as if they were fully set forth.

53. The conduct of the defendant constitutes unfair methods of competition or unfair or deceptive acts and practices in the conduct of a trade or business in violation of Massachusetts General Laws ch. 93A, §2, and regulations promulgated thereunder.

54. The conduct of the defendant was and is willful or knowing and in violation of Massachusetts General Laws ch. 93A, §2, and the regulations promulgated thereunder.

55. As a direct and proximate result of the conduct of the defendant in violation of M.G.L. ch. 93A, §2, its unfair and deceptive acts and practices, and its willful or knowing violations of M.G.L. ch. 93A, §2, and the regulations promulgated thereunder, NECC has been and is being severely damaged.

56. NECC has suffered and will continue to suffer irreparable injury due to the above described activities of the defendant if the defendant is not preliminarily and permanently enjoined.

WHEREFORE, the plaintiff, The New England Center for Children, Inc., demands judgment:

A. Preliminarily and permanently enjoining the defendant, Comprehensive Educational Services, Inc., from using ACES or any term incorporating "ACE," or any confusingly similar term, in any trade name, service mark, trademark, domain name, metatag, or any other use to promote goods or services;

B. Preliminarily and permanently enjoining the defendant from diluting the distinctive quality of the NECC's ACE mark;

C. Preliminarily and permanently enjoining the defendant from engaging in unfair methods of competition with NECC;

D. Determining and awarding NECC its damages resulting from the defendant's infringement of its common law trademark rights, as alleged in Count I of the complaint, plus interest, costs, and attorneys' fees;

E. Determining and awarding NECC its damages resulting from the defendant's infringement of its federally registered mark ACE, as alleged in Count II of the complaint, plus interest, costs, and attorneys' fees;

F. Determining and awarding NECC its damages resulting from the defendant's violation of 15 U.S.C. § 1125(a), as alleged in Count III of the complaint, plus interest, costs, and attorneys' fees;

G. Determining and awarding NECC its damages resulting from the defendant's dilution under 15 U.S.C. § 1125(c), as alleged in Count IV of the complaint, plus interest, costs, and attorneys' fees;

H. Determining and awarding NECC its damages resulting from the defendant's dilution under Mass. Gen. Laws ch. 110B, §12, as alleged in Count V of the complaint, plus interest, costs, and attorneys' fees;

I. Determining and awarding the plaintiff its damages resulting from the defendant's unfair competition with the plaintiff, as alleged in Count VI of the complaint, plus interest, costs, and attorneys' fees;

J. Entering judgment that the defendant has committed unfair and deceptive acts or practices declared unlawful under Massachusetts General Laws ch. 93A, as alleged in Count VII;

K. Determining and awarding NECC its damages resulting from the defendant's violation of Massachusetts General Laws ch. 93A, as alleged in Count VII of the complaint, plus interest, costs, and attorneys' fees;

L. Determining that the defendant violated Massachusetts General Laws ch. 93A, §2, as alleged in Count VII, that the damages be trebled pursuant to Massachusetts General Laws ch. 93A, §11, and that NECC be awarded its attorneys' fees in connection with this action;

M. Preliminarily and permanently enjoining the defendant from engaging in unfair and deceptive acts in violation of Massachusetts General Laws ch. 93A as alleged in Count VII;

N. Determining that defendant's actions in infringing NECC's rights and in engaging in unfair competition were willful and increasing the award of damages to NECC as a result of those willful actions; and

O. Granting such other and further relief as this Court may deem just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

THE NEW ENGLAND CENTER FOR CHILDREN, INC.
By its attorneys,

/s/ Susan G. L. Glovsky
Susan G. L. Glovsky BBO# 195880
susan.glovsky@hbsr.com
John L. DuPré BBO# 549659
john.dupre@hbsr.com
Hamilton, Brook, Smith & Reynolds, P.C.
155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone: 617-607-5900
Fax: 978-341-0136

Dated: July 1, 2016

2383697.v1